| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>270 South Tejon Street<br>Colorado Springs, CO 80903 | |
| **ANTONIO DANTI**<br>**Plaintiff**<br><br>v.<br><br>**COSTCO WHOLESALE CORPORATION**<br>**Defendant** | DATE FILED: August 11, 2022 1:05 PM<br>FILING ID: 3C868468D2F8B<br>CASE NUMBER: 2022CV31383<br><br><br><br>**COURT USE ONLY** |
| Attorney for Plaintiff:<br><br>**PATTERSON WEAVER LAW, LLC**<br>Patterson S. Weaver, Reg. No. 41224<br>Michael K. Obernesser, Reg No. 38766<br>306 E. Cucharras Street, Suite 200<br>Colorado Springs, CO  80<br>Phone:  719-264-9858<br>FAX:    719-264-9868<br>E-mail: patterson@pattersonweaverlaw.com | Case Number:<br><br><br><br><br><br>Division:              Room: |
| **COMPLAINT** | |

Plaintiff, Antonio Danti, by and through counsel, Patterson S. Weaver of Patterson Weaver Law, LLC, hereby complains against COSTCO Wholesale Corporation as follows:

### JURISDICTION AND VENUE

1. At all times relevant herein, Plaintiff has been a resident of El Paso County, Colorado.

2. All incidents complained of herein occurred in El Paso County, Colorado.

3. At all times relevant herin, Defendant has been licensed to do business in Colorado, and more specifically operates a business in El Paso County, Colorado.

4. This Court has jurisdiction over the parties, and subject matter jurisdiction and venue is proper in El Paso County.

### GENERAL ALLEGATIONS

5. Paragraphs 1 through 4 are incorporated as if more fully set forth herein.

6. On or about May 22, 2021, Plaintiff, Antonio Danti was injured when he fell while shopping at the premises leased to or owned by the Defendant located at 5050 N Nevada Ave, Colorado Springs, CO 80918.

7. Plaintiff, Antonio Danti was a customer of the Defendant when he slipped and fell on the concentrate floor near the entrance of the building.

8. The Plaintiff's fall was caused by a wet and slippery smooth concrete floor near the entrance of the building, the result of rainfall that afternoon.

9. The Plaintiff's injuries were caused by such dangerous conditions on Defendant's premises for which the Defendant knew about or should have known about.

10. Defendant unreasonably failed to exercise reasonable care against the dangerous condition on such premises that the Defendant knew about or should have known about through proper inspection and knowledge of the weather conditions and rainfall at that time.

11. The Defendant failed to put down weather/entry mats, post any signage warning of the dangerous condition until after the slip and fall of the Plaintiff, or take any other action that would mitigate the danger to Defendant's customers.

12. This failure to mitigate or warn of the dangerous condition proximately resulted in injuries, damages, and losses to Plaintiff including but not limited to physical injuries, hospitalization, significant medical treatment, continuing pain, suffering, and loss of enjoyment of life.

## FIRST CLAIM FOR RELIEF
## PREMISES LIABILITY

13. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

14. At all relevant times, Plaintiff was a customer at Defendant's business and on Defendant's property, who conducted business during normal business hours, and in a location open to the general public.

15. At all relevant times, Plaintiff was an "invitee as that term is defined by C.R.S. § 13-21-115, and the Defendant is a "landowner" as defined by C.R.S. § 13-21-115. As such, Plaintiff was owed the broadest and highest duty of care pursuant to the Premises Liability Act, C.R.S. § 13-21-115.

16. Plaintiff breached that duty of care when it unreasonably failed to exercise reasonable care against the dangerous condition, namely wet and slippery concrete at or near the entryway of the premises that the Defendant knew about or should have known about through proper inspection of the entryway floor and knowledge of the weather conditions and rainfall at that time.

17. Defendant's failure to mitigate or warn of such dangerous condition, including but not limited to the failure to put down mats, rugs, and warning signage, until after the Plaintiff's slip and fall incident and resulting injuries was a breach of the Defendant's duty to Plaintiff and a failure to exercise reasonable care against the condition as required by C.R.S. § 13-21-115.

18. Plaintiff's breach of the statutory standard of care required by C.R.S. § 13-21-115 proximately caused the defendant's slip and fall on the wet and slippery concrete floor at the entrance to Defendant's business.

19. Defendant's breach of the statutory standard of care, proximately caused substantial and significant injuries to the including but not limited to past and future medical and rehabilitation care, past and future mental and physical pain and suffering, past and future loss of income, past and future loss of life enjoyment, and mental anguish.

**WHEREFORE**, Plaintiff Antonio Danti requests that this Court enter judgment in favor of Plaintiff and against Defendant, and award to Plaintiff damages as this Court may deem just and proper, together with an award of Plaintiff's reasonable attorney fees, expert witness fees, costs of suit, pre- and post-judgement interest on any award of damages to the extent permitted by law, present and future damages, any other items allocable by statute, and such further relief as the Court may deem appropriate.

DATED this 11th day of August 2022.

Respectfully submitted,

PATTERSON WEAVER LAW, LLC.

*/s/ Patterson S. Weaver, III*

Patterson S. Weaver, III, Reg. 41224

Defendant's Address
COSTCO Wholesale Corporation
5050 N Nevada Ave,
Colorado Springs, CO 80918.

C/O
C T Corporation System
7700 E Arapahoe Rd Ste 220
Centennial, CO 80112-1268